THE PEOPLE OF THE STATE OF NEW YORK ex rel. EMIGRANT INDUSTRIAL SAVINGS BANK, Appellant, against WILLIAM W. MILLS et al., Constituting the Tax Commission of the City of New York, et al., Respondents. [2054 Broadway, Borough of Manhattan.] — Order unanimously modified by fixing the values for the years 1944–45 and 1945–46 as follows: land, $550,000; building, $1,200,000; total, $1,750,000; and as so modified affirmed, with $20 costs and disbursements to the appellant. Settle order on notice. Present — Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ.

MARY BISHAR, Respondent, v. MANHATTAN COACH LINES, INC., Appellant, et al., Defendants.— Judgment, so far as appealed from, unanimously affirmed, with costs. No opinion. Present — Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ.

JULIUS A. FOX, Respondent, v. GEORGE B. DUCKOWNEY, Appellant.— Order unanimously affirmed, with $20 costs and disbursements, with leave to the defendant to answer within ten days after service of the order, with notice of entry thereof, on payment of said costs. No opinion. Present — Peck, P. J., Glennon, Cohn, Callahan and Shientag, JJ.

EZRA SOMEKH, Respondent, v. SHEFFIELD NOVIK et al., Copartners Doing Business under the Name of NOVIK & COMPANY, Appellants. (Consolidated Action No. 1.) SHEFFIELD NOVIK, Copartners Doing Business under the Name of NOVIK & COMPANY, Appellants, v. EZRA SOMEKH, Respondent. SHEFFIELD NOVIK et al., Copartners Doing Business under the Name of NOVIK & COMPANY, Third Party Plaintiffs-Respondents, v. RUPPERT HEITLER et al., Third Party Defendants-Respondents. (Third Party Action No. 2.) RUPPERT HEITLER, Third Party Plaintiff-Respondent, v. HERMAN H. BERMAN, Third Party Defendant-Respondent. (Third Party Action No. 3.) — Order unanimously modified so as to permit the discovery and inspection by any person or persons to be selected by the appellants to be held, in the case of the shipment in Teheran, Iran, in the presence of a representative furnished by the official Lloyd's Agency and provided that whatever samples are drawn shall be sealed by the Lloyd's surveyor and be forwarded to the New York County Clerk by air mail. As to the lots of merchandise which are warehoused in New York City the inspection shall be in the presence of a person to be selected by the defendant-respondent [Somekh]. This order shall be granted on the further condition that the trial be not postponed later than May 24, 1948, by reason of such inspections and examinations and on the further condition that the party seeking the examination stipulate in writing to be filed with the County Clerk of New York County that the certificate of the examination in Teheran, may be received in evidence without the taking of the deposition or the production in court as a witness of the person making the examination. As so modified the order is affirmed, without costs. Settle order on one day's notice. Present — Peck, P. J., Dore, Cohn, Callahan and Van Voorhis, JJ.